**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

RUSSELL VICKERY,

       Plaintiff,

v.

DOCTOR GUY AUGUSTIN; DEBORA STEWART; and SHARON LEWIS,

       Defendants.

CIVIL ACTION NO.: 5:18-cv-98

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. Plaintiff has now filed an Amended Complaint, doc. 12, which the Court treats as the operative Complaint. Doc. 11. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

    1.    All claims for monetary damages against Defendants in their official capacities; and

    2.    All claims against Defendants Stewart and Lewis.

However, I **FIND** that two of Plaintiff's claims may proceed. Specifically, the Court directs service of, by separate Order, Plaintiff's claims against Defendant Augustin for deliberate indifference to serious medical needs and violations of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*

# PLAINTIFF'S CLAIMS[1]

Upon arrival at Coffee Correctional Facility, Plaintiff underwent a routine medical examination. Doc. 12 at 5. During this exam, Plaintiff informed prison medical staff he was previously diagnosed with Hepatitis C and that his condition was severe. Id. Later, while being medically evaluated, Plaintiff informed Defendant Augustin and others he was in constant pain and asked to be referred to a specialist. Id. at 6. Defendant Augustin refused to refer Plaintiff to a specialist, and when pressed, told Plaintiff he should have sought treatment before being incarcerated. Id. at 6–7. Plaintiff's Hepatitis C remains untreated, and he contends the Georgia Department of Corrections ("GDOC") has a policy of "monitoring" chronic conditions rather than providing adequate treatment. Id. at 8. Plaintiff claims Defendants' actions and GDOC policy violate the Americans with Disabilities Act and his Eighth Amendment rights. Id. at 9. In addition to court costs, Plaintiff seeks equitable relief to compel his medical treatment and the treatment of others with similar medical conditions.[2] Id. at 10–12.

# STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(a). During the initial screening, the court must identify any cognizable claims in the complaint. §1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be

---

[1] All allegations set forth here are taken from Plaintiff's Amended Complaint. Doc. 12. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[2] While laying out the factual allegations, Plaintiff states he is being denied treatment entirely for his Hepatitis C. Doc. 12 at 7–8. However, Plaintiff's requested relief is not treatment in general; instead, he seeks injunctive relief compelling a very specific "game changer" treatment he refers to as a "DAA." Id. at 10.

granted, or which seeks monetary relief from a defendant who is immune from such relief.[3]  Id.
In its analysis, the Court will abide by the long-standing principle that the pleadings of
unrepresented parties are held to a less stringent standard than those drafted by attorneys and,
therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However,
Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v.
United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law
or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251
F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a
complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that
is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than
labels and conclusions, and a formulaic recitation of the elements of a cause of action will not"
suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Plaintiff's Claims Against Defendants in Their Official Capacities

Plaintiff is unclear in what capacity he is suing Defendants.  However, Plaintiff cannot
sustain a § 1983 claim for monetary damages against Defendants in their official capacities.
States are immune from private suits pursuant to the Eleventh Amendment and traditional
principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983
does not abrogate the well-established immunities of a state from suit without its consent.  Will
v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency

---

[3]  Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*.  28 U.S.C. § 1915(a).

or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. However, to the extent Plaintiff successfully states a constitutional claim, he may seek injunctive relief against any Defendant in their official capacity. Ex parte Young, 209 U.S. 123, 148–50 (1908). Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

**II.     Plaintiff's Claims of Deliberate Indifference to Serious Medical Needs Against Defendant Lewis**

Plaintiff claims he is not being provided any medical treatment for his severe Hepatitis C. Doc. 12 at 5–9. The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In the medical care context, the standard for cruel and unusual punishment is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Id. at 828. To prove a deliberate indifference to medical care claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury

4

was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

Under the second, subjective element of a deliberate indifference claim, the Eleventh Circuit Court of Appeals has consistently required "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, this component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

The third element of a deliberate indifference claim requires a plaintiff to show "the constitutional violation caused the injury." Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003) (citing Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001)). Causation "can be shown by personal participation in the constitutional violation." Goebert, 510 F.3d at 1327. If defendants were deliberately indifferent to plaintiff's serious medical needs, their respective indifference caused plaintiff's continued suffering.

Defendant Lewis is the Medical Director for the GDOC. Doc. 12 at 4. After a medical visit to Defendant Augustin, Plaintiff filed a grievance, which was denied. Id. at 3. Plaintiff appealed that denial, and Defendant Lewis denied his appeal. Id. "An allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), *report*

*and recommendation adopted*, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)). Because the only facts Plaintiff alleges concerning Defendant Lewis relate to Lewis's denial of Plaintiff's grievance, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Lewis.

### III. Plaintiff's Claims for Deliberate Indifference to Serious Medical Needs Against Defendant Stewart

A pro se prisoner's § 1983 complaint must contain enough facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 570. While pro se plaintiffs are "not required to adhere to technical niceties" in drafting their complaints, they are still "required to 'state with some minimal particularity how overt acts of the defendant caused a legal wrong.'" Kershaw v. White, No. 5:18-cv-166, 2018 WL 3463275, at *4 (M.D. Ga. July 18, 2018) (quoting Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)); Harwood v. Wynn, No. 5:10-cv-411, 2010 WL 5128714, at *2 (M.D. Ga. Nov. 9, 2010) ("[A] district court properly dismisses a defendant when a prisoner . . . fails to state any allegations that connect the defendant with any alleged constitutional violation."); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff does not state any facts related to Defendant Stewart. Plaintiff simply includes Defendant Stewart's name and position in the caption of his Amended Complaint. Doc. 12 at 1, 4. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims against Defendant Stewart.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Amended Complaint:

1. All claims for monetary damages against Defendants in their official capacities; and

2. All claims against Defendants Stewart and Lewis.

However, I **FIND** that two of Plaintiff's claims may proceed. Specifically, the Court directs service of, by separate Order, Plaintiff's claims against Defendant Augustin for deliberate indifference to serious medical needs and violations of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*

Any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA