FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:34 am, May 26, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

RUSSELL VICKERY,

    Plaintiff,

v.

DOCTOR GUY AUGUSTIN,

    Defendant.

CIVIL ACTION NO.: 5:18-cv-98

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on multiple Motions Plaintiff filed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Amend, doc. 16, and **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 17. The Court **DIRECTS** the Clerk of Court to amend the docket to so that Document Number 20 is described as a "Motion for Preliminary Injunction." Further, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction. Doc. 20.

**BACKGROUND**

On March 24, 2020, the Court issued a Report recommending dismissal of Plaintiff's monetary damages claims against Defendants in their official capacities and his claims against Defendants Stewart and Lewis. Doc. 13 at 1. Contemporaneous with that Report, the Court ordered service on Plaintiff's claims for deliberate indifference and violations of the Americans with Disabilities Act against Defendant Augustin. Doc. 14 at 1. On April 27, 2020, Plaintiff filed a Motion to Amend, doc. 16, and a Motion for Leave to Proceed *in Forma Pauperis*, doc. 17. Plaintiff also filed a Motion for Preliminary Injunction. Doc. 20.

**DISCUSSION**

**I.     Motion to Amend**

Litigants may, as a matter of course, amend a pleading once within 21 days of service. Fed. R. Civ. P. 15(a).  After 21 days pass, a contested amendment may only be filed with leave of court.  Id.  The Federal Rules of Civil Procedure provide that leave should be "freely" given "when justice so requires" and, thus, Rule 15 skews in favor of admissibility.  Id.; Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 443 (11th Cir. 1985); Duncan v. Marion Cty. Sheriff's Dep't, No. 5:03-cv-416, 2005 WL 8159841, at *2 (M.D. Fla. May 26, 2005).  Thus, the Court **GRANTS** Plaintiff's Motion to Amend.  Doc. 16.

However, Plaintiff's Amended Complaint does not impact the analysis in the Court's previous Report and Recommendation, doc. 13.  The Amended Complaint, doc. 16-1, attached to Plaintiff's Motion, doc. 16, appears to be an exact copy of his original Complaint.  Doc. 1.  In his Motion to Amend, Plaintiff states the purpose of his amendment is to clarify that each Defendant in being sued in both their official and individual capacities.  Doc. 16 at 2.  This clarification does not change the Court's analysis in the previous Report and Recommendation.  The Court still recommends the dismissal of all of Plaintiff's § 1983 claims for monetary damages against Defendants in their official capacities and all claims against Defendants Stewart and Lewis.

**II.    Preliminary Injunction**

Plaintiff seeks a preliminary injunction against all Defendants, ordering them to treat his Hepatitis C with certain medications, or therapies, he refers to as "DAAs".  Doc. 16 at 2–4; Doc. 16-1 at 11; Doc. 20 at 1–2.

2

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).  If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation."  Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).  Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion.  See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989).  In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time.  At this early stage, Plaintiff has not shown the requisite likelihood

3

of success on the merits of his claims.  Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury.  This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's request for a temporary restraining order or preliminary injunctive relief.  Doc. 20.

### III.     Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*

Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 17.  As this Court has already granted Plaintiff leave to proceed *in forma pauperis*, docs. 2, 4, the Court **DENIES as moot** Plaintiff's Motion.  Doc. 17.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Amend, doc. 16, and **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 17.  The Court **DIRECTS** the Clerk of Court to amend the docket to amend the name of Document 20 to "Motion for Preliminary Injunction."  Further, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction.  Doc. 20.

Any party seeking to object to this Report and Recommendation is to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional

evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of May, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA