IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| RUSSELL VICKERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:18-cv-98-LGW-BWC |
| | ) | |
| DOCTOR GUY AUGUSTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT DOCTOR GUY AUGUSTIN AND DEMAND FOR JURY TRIAL

Defendant Doctor Guy Augustin ("Dr. Augustin") files his Answer to Plaintiff's Amended Complaint. (Doc. 12).

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Dr. Augustin did not deprive Plaintiff of any rights guaranteed to him by the Constitution or laws of the United States or the State of Georgia.

## THIRD DEFENSE

All or parts of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983 or the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.*.

## FOURTH DEFENSE

No action or inaction on the part of Dr. Augustin was the proximate cause of any alleged injuries or damages suffered by Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred by his own conduct, or the conduct of others, which was the cause in fact and proximate cause of his alleged injury and damages.

## SIXTH DEFENSE

Plaintiff, by the use of ordinary care, could have avoided the consequences to himself caused by any alleged action or inaction on the part of Dr. Augustin.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, as required by law.

## EIGHTH DEFENSE

Dr. Augustin never breached any duty owed to Plaintiff at any time in the course of Plaintiff's incarceration.

## NINTH DEFENSE

At all pertinent times, Dr. Augustin acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to cause Plaintiff harm.

## TENTH DEFENSE

Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Dr. Augustin, nor were they proximately caused by or related to any act or omission of Dr. Augustin.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims and/or damages may be barred by the failure to exhaust his administrative remedies under the Prison Litigation Reform Act.

## TWELFTH DEFENSE

Plaintiff is barred for recovering punitive damages in this case as a matter of law.

## THIRTEENTH DEFENSE

Dr. Augustin's conduct was, at all time, lawful, justified, and privileged and any actions or inactions complained of by Plaintiff in relation to Dr. Augustin were justified by penological reasons.

## FOURTEENTH DEFENSE

To the extent Plaintiff asserts any claim against Dr. Augustin in his official capacity, his employer cannot be held liable on the basis of any vicarious liability or respondeat superior for any alleged violation of the United States Constitution, and Plaintiff cannot demonstrate any policy, practice or custom of his employer which was the moving force behind any violation of his constitutional rights.

## FIFTEENTH DEFENSE

Plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.*, are barred because said claims cannot be assert against individuals such as Dr. Augustin.

## SIXTEENTH DEFENSE

Plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.*, to the extent they are asserted against Dr. Augustin in his official capacity, are barred because said claims cannot be asserted against Dr. Augustin's former employer, Wellpath, because Wellpath is not a public entity under Title II of the ADA.

## SEVENTEENTH DEFENSE

Dr. Augustin incorporates herein by reference any applicable defenses or affirmative defenses raised by any other Defendant in this matter.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## NINETEENTH DEFENSE

Dr. Augustin specifically reserves the right to amend his Answer to include additional defenses and affirmative defenses, and/or deleted defenses and affirmative defenses which have become non-applicable, upon completion of additional discovery.

## TWENTIETH DEFENSE

Dr. Augustin responds to the enumerated allegations of Plaintiff's Amended Complaint as follows:

1. Dr. Augustin is without sufficient information or knowledge upon which to admit or deny the allegations contained in Section I (entitled "Previous Lawsuits") of Plaintiff's Amended Complaint.

2. Dr. Augustin is without sufficient information or knowledge upon which to admit or deny the allegations contained in Section II (entitled "Present Place of Confinement") of Plaintiff's Amended Complaint.

3. In response to the allegations contained in Section III (entitled "Parties") of Plaintiff's Amended Complaint, Dr. Augustin admits only that he formerly worked as a physician at Coffee Correctional Facility and provided adequate medical care and treatment to the inmates at Coffee Correctional Facility, including Plaintiff; and that Plaintiff was an inmate at Coffee Correctional Facility. Dr. Augustin is without sufficient information or knowledge upon which to admit or deny the allegations contained in Section III of Plaintiff's Amended Complaint regarding Sharon Lewis. Dr. Augustin denies the remaining allegations contained in the "Parties" section of Plaintiff's Amended Complaint.

4. In response to the allegations contained in the "Facts" section[1] of Plaintiff's Amended Complaint, Dr. Augustin admits only that Plaintiff was an inmate at Coffee Correctional Facility that was seen and treated by the medical department staff at the facility. Dr. Augustin denies the remaining allegations contained in the "Facts" section of Plaintiff's Amended Complaint,

---

[1] Plaintiff failed to enumerate the allegations contained in the "Facts" section of his Amended Complaint; rather, the facts are contained in one, large narrative.

5. Dr. Augustin denies the allegations contained in the "Prayers for Relief" section of Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any of the relief requested therein.

<u>TWENTY-FIRST DEFENSE</u>

Dr. Augustin denies any allegations of Plaintiff's Amended Complaint not specifically admitted herein.

<u>JURY DEMAND</u>

**DR. AUGUSTIN DEMANDS A TRIAL BY JURY.**

Defendant Guy Augustin prays that Plaintiff's Amended Complaint be dismissed with prejudice, that the prayers for relief in the Amended Complaint be denied and that all costs of this action be cast against Plaintiff.

Respectfully submitted this 29th day of May, 2020.

OLIVER MANER LLP

/s/ Jacob D. Massee
Jacob D. Massee
Georgia Bar Number: 551890
jmassee@olivermaner.com

218 West State Street
Post Office Box 10186
Savannah, GA 31412
(912) 236-3311
(912) 236-8725 FAX

/s/ Stuart F. Sumner
Stuart F. Sumner
Georgia Bar Number: 353355
ssumner@olivermaner.com

*Attorneys for Dr. Augustin*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), by U.S. Mail to the following:

**Russell Vickery**
GDC# 1001592280
Jefferson County Correctional Institution
1159 Clarks Mill Road
Louisville, GA 30434

Submitted this 29th day of May, 2020.

OLIVER MANER LLP

/s/ Jacob D. Massee

Jacob D. Massee
218 West State Street
Post Office Box 10186
Savannah, GA 31412
(912) 236-3311
(912) 236-8725 FAX

Georgia Bar Number: 551890
jmassee@olivermaner.com

*Attorney for Dr. Augustin*